JONES, JUDGE:
At 10:00 a.m. on November 7,1975, the claimant, Marilyn Widlan, was driving her 1975 Oldsmobile station wagon in a southerly direction on State Route No. 88N in Ohio County when she was suddenly confronted by a broken tree limb hanging out into her lane of traffic. The claimant was unable to avoid striking the limb, due to the location of the limb in a curve at the top of a hill where there is a “blind spot”, and the presence of oncoming traffic. It had stormed during the night and the skies were threatening further turbulence. The claimant was traveling in a thirty mile per hour speed zone; and she testified that the limb extended about one foot over the paved surface of the highway. The claimant found a place to drive off of the highway, where she examined the vehicle and found considerable damage to its right side, repairs to which were later estimated to cost $312.79. About a half mile further on the claimant saw a Department of Highways truck and was able to report the broken limb and accident to Edward Leach Wheeler, an employee of the respondent. Mr. Wheeler immediately went to the accident scene and quickly removed the broken limb. It was later determined that the damaged tree was growing on the State right of way.
This was a live tree and there is nothing in the record to show that the respondent had knowledge of the hazardous condition, or should have known or foreseen that it might occur. Neither was there any notice to the respondent that the limb was broken until that information was furnished by the claimant. While the respondent in such a case may not unreasonably delay the removal of a hazardous obstruction upon a State highway, neither will liability arise until the respondent knows or should know that such a hazard exists. The law in West Virginia is well established that the State is not an insurer of its highways, and if there is not *150 preponderant proof of negligence on the part of the State’s employees, the user of the highway travels at his own risk.
The Court finds the respondent free of negligence in this case, and, therefore, the claim of Marilyn Widlan is disallowed.
Claim disallowed.