RULEY, JUDGE:
This claim grows out of a single-vehicle accident which occurred at about 10:00 P.M., on Sunday, May 22, 1975, at a point of West Virginia Route 4 near Corton in Kanawha County. The claimant was driving his van in a general easterly direction around a curve, following a vehicle being driven by an unidentified woman, when a large oak tree fell across the highway between the two eastbound vehicles. The claimant’s van then collided with the tree, with resultant damages and injuries being sustained by the van and the claimant, respectively. Upon agreement of counsel, only the issue of liability was tried.
The claimant testified that when he first saw the oak tree on the night of the accident, it had just fallen onto the pavement about 30 feet in front of his van, which he was operating at about 40 miles per hour. The trunk of the oak tree was about three feet in diameter and it was about 50 to 60 feet tall. Before it fell, it was located above the highway and near the top of an embankment on its north side. The terrain at and near the place where the accident happened was densely wooded on both sides of the highway. The tree was alive. Although the evidence respecting the location of the tree may have been somewhat equivocal, the only evidence before the Court, offered by two witnesses on behalf of the respondent, was that the tree was not on the public right-of-way. It was uncontroverted, however, that at least some portion of it extended over the highway. It also was un controverted that, shortly before the accident occurred, a severe thunderstorm accompanied by gusting winds had passed through the area. *218 The claimant testified that he was familiar with the oak tree and its location, having noticed it frequently before the accident happened. There was no evidence that the respondent, or anyone else, had been working in the area from which the tree fell.
The Court is constrained to conclude that it is not established by a preponderance of the evidence that the respondent knew or, in the exercise of ordinary care, should have known that the oak tree posed a hazard to traffic on the highway. See Widlan v. Department of Highways, 11 Ct. Cl. 149 (1976) and Criss v. Department of Highways, 8 Ct. Cl. 175 (1970). Accordingly, the claim must be denied.
Claim disallowed.