RULEY, JUDGE:
This claim grows out of an accident that occurred on May 20, 1980, when a live red oak tree fell across Waldo Run Road, in Doddridge County, and damaged two automobiles owned by the claimants. The automobiles, a 1976 Buick Regal and a 1973 Fiat, were parked in proximity to the road and in front of the claimants’ home. The tree was approximately 75 feet high.
Ernest N. Wolford, claimant, testified that approximately nine months before the accident occurred another large tree had fallen into the aforementioned red oak tree and caused it to lean toward the highway. At that time both his wife and the president of his housing development notified Mr. Gilbertsen at the District Office of the Department of Highways of the tree’s condition. He also testified that there had been a lot of rain for two weeks prior to the tree’s fall and that the ground was wet at the time of the accident. Finally, he testified that the tree had been fourteen feet, two inches from the middle of the highway and thus on the public right of way.
Mr. James M. Beer, II, employed by the respondent as an Area Maintenance Engineer, testified that by his measurement the red oak tree that fell was 22 feet, 3 inches from the middle of the highway and thus was not on the right of way. He also testified that the respondent was not responsible for maintaining the slope the tree was on because the respondent had not constructed the slope.
Because of the conflicting testimony, it is impossible for the Court to judge whether the tree was or was not on the State right of way without resorting to speculation. In any case, the tree was close enough to the road to present a definite hazard. The respondent was informed of this hazard nine months before this *349 accident occurred and failed to take any corrective action whatsoever. Thus the respondent was negligent.
However, there also is evidence of contributory negligence on the part of the claimants. Though aware of the hazard posed by the tree, they parked their automobiles opposite it. In view of these circumstances, the Court is disposed to allocate negligence 70% to the respondent and 30% to the claimants.
On the issue of damages, the 1976 Buick automobile sustained damage in the sum of $2,459.74. The Fiat automobile was a total loss, and the claimants estimated its value before the accident at $400.00, with a salvage value of $200.00 after the accident. Therefore, the total amount of damages is $2,659.74, and the proper award is 70% of that sum, or $1,861.82.
Award of $1,861.82.