WALLACE, JUDGE:
Between 12:30 p.m. and 1:00 p.m., on July 5, 1980, Earl Jeffries, accompanied by Donnie Mcle, was operating his pickup truck in a southerly direction on Route 4 and 20, Rock Cave, Upshur County. A large tree fell over on top of the pickup truck, causing the death of the driver, Earl Jeffries, and causing claimant Donnie Mcle to be paralyzed.
It is the claimants' position that the aforementioned tree was close enough to respondent's right of way to be a hazard. Furthermore, claimants contend that respondent had both actual and constructive notice of this hazard.
According to the testimony of Donnie Mcle, he, Earl Jeffries and Mike Bond were going to French Grove to Roscoe Gregory ' s used car lot at about noon- on the day of the accident. When they reached the garage, it was sprinkling and cloudy. Roscoe was not at the used car lot. Claimant Mcle, Earl Jeffries and Mike Bond left Roscoe Gregory's used car lot and proceeded to the Pioneer, a bar. Claimant and Earl Jeffries stayed at the bar to have beer. When they left the Pioneer, Mike Bond did not come with them. Mcle stated that it was not raining when they went into the Pioneer, nor was it raining when they came out of the Pioneer.
*80 Mcle testified that it was no more than a mile from the Pioneer to the point where the tree fell on the truck. Route 20 is a two-lane asphalt road. At the point where the tree fell on the truck, Mcle said that the road was uphill and in a curve. Mcle does not remember anything about the weather other than that it was raining. He does not remember whether it was windy at the time that the tree fell on the truck.
There is conflicting evidence concerning the location of the tree in reference to respondent's right of way. Grover Cleve Withers, who had stayed at his mother’s farm in the area of the accident on July 5, 1980, testified that the tree was within 10 feet, possibly a little more, off of the travel portion of Route 20. Withers also mentioned that there was 'severe wind' on July 5, 1980.
William C. Gambell, Chief of the Engineering Plans and Maps Unit of the Right of Way Division of respondent researched the 1924 plans for the vicinity near French Creek Farm Hill. Gambell testified that an order of the County Court pertaining to a road known as Buckhannon - Cleveland had been issued stating that there is a right of way so acquired in the width of 40 feet. The property was assessed in the name of C. D. Haynes in 1923, although the plans were in the name of C. E. Haines. Gambell further testified that absent any right of. way obtained by a deed or by order, a statute width of 40 feet would apply to Route 20, a primary highway or Class A road. Gambell ascertained that the distance from the center line of the roadway to the stump of the tree is 32.5 feet.
Bernard Morrison, Survey Party Chief for respondent stated that he did a survey of Route 20 south of French Creek Game Farm on March 24, 1983. Morrison explained that he obtained the measurements for the tree stump by topographic controls. He set up a control point and turned an angle at a distance to the location of the stump in relation to his base line. He determined that the stump is 42 inches in diameter and is located 12 1/2 feet from the right of way and 22 1/2 feet from the base line.
Claude C. Blake, claims investigator for respondent, had indicated in his interrogatories dated November 30, 1984 that the tree in question was 5 1/2 feet off the State right of way. Blake testified that his answer was based on the survey of Bernard Morrison. At the time, Blake felt that they were assuming a 30-foot right of way instead of 20 feet.
The testimony was not conclusive in respect to whether or not the tree in question was a dead tree and therefore a hazard. Although claimant introduced some testimony that the tree which fell was a dead tree, respondent introduced evidence showing that the tree was a green and healthy one. Two employees of respondent, including an Operator II and an equipment operator, testified that the tree was dead or partly dead. Another man employed by respondent until 1977 testified that he had been part of a crew in 1973 or 1974. The crew had removed a sugar maple that was rotten. The tree in question was near the tree which had been removed. This individual felt it was as rotten as the tree that they had cut down. Mr. Oscar Friend, a longtime resident of the area stated that the tree was rotten and that he had informed Gene Powers, Assistant Maintenance Supervisor for Upsher County, of that fact. Gene *81 Powers testified that there were green leaves on the tree and that he had not received a complaint about the tree. Richard Ralph Walton, respondent's boss of a small garage at Kanawha Head in 1976, stated that he had not heard any complaints about this particular tree.
This Court refused recovery in a claim wherein damage occurred to a vehicle when the vehicle struck the limb of a live tree growing on the State right of way when respondent lacked knowledge of the hazardous condition.
This was a live tree and there is nothing in the record to show that the respondent had knowledge of the hazardous condition, or should have known or foreseen that it might occur. Neither was there any notice to the respondent that the limb was broken until that information was furnished by the claimant. While the respondent in such a case may not unreasonably delay the removal of a hazardous obstruction upon a State highway, neither will liability arise until the respondent knows or should know that such a hazard exists. The law in West Virginia is well established that the State is not an insurer of its highways, and if there is not preponderant proof of negligence on the part of the State's employees, the user of the highway travels at his own risk. Widlan v. Dept. of Highways, 11 Ct. Cl. 149 (1976). The evidence in the instant claim consists of the testimony of several individuals. This Court cannot conclusively determine the condition of the tree. However, the Court is of the opinion that the tree was not a completely dead tree for there was evidence at the time of the incident that there were, in fact, leaves on the limbs of the tree.
There is no dispute between the parties that the tree stump of the tree is not located on the State's right of way. The stump was determined to be approximately 32 feet from the centerline of Route 20.
In Wolford v. Dept. of Highways, 13 Ct.Cl. 348 (1981), a tree case in which recovery was permitted, the distance of the tree from the middle of the highway was either 14 feet, 2 inches or 22 feet, 3 inches. The Court stated that "it is impossible... to judge whether the tree was or was not on the State right of way without resorting to speculation. In any case, the tree was close enough to the road to present a definite hazard." (Emphasis supplied.) The estimate of the distance of the stump from the centerline of the road in the case a hand is 32.5 feet. The Court is of the opinion that the tree which fell on the vehicle was not close enough to the respondent's right of way so as to pose a hazard which should have been apparent to the respondent and, therefore, denies these claims.
Claim disallowed.