PER CURIAM:
On December 13, 1991, the claimant’s son, Edward Boice, a resident of Mineral Wells in Wood County, was driving the claimant’s 1986 GMC half ton pick-up truck west along Butcher Bend Road when he entered a right-hand turn after a knoll in the road and collided with a fallen tree and a downed unidentified utility line. The claimant estimated his speed of travel to be about 25 miles per hour, at 5:25 a.m., when this accident occurred. He described the weather as raining and windy. The fallen tree was partially in his lane of travel according to the claimant and no other traffic was present on the two lane road when he struck the tree. Although he was able to maneuver his vehicle so as to avoid the tree, he was unable to drive the vehicle around a protruding limb that caught the right front fender of the truck and damaged both the fender and the right headlight. The damage to the truck resulting from the collision with the limb was in the amount of $488.21. The claimant maintains full vehicle insurance with Nationwide Insurance. His deductible is $200.00. A claim has been submitted to the insurer for the described damage. The claimant alleges that the fallen tree was within the respondent’s right-of-way and that the respondent should be responsible for the damage it caused.
The respondent contends that the damage to claimant’s truck was the result of an *138 act of nature, i.e. a storm, over which it has no control.
Normus Vincent, a Wood County road maintenance foreman, testified that the first notice of the fallen tree received by respondent was at approximately 5:30 a.m. on the morning of the claimant’s accident. The tree was removed shortly thereafter. This witness had no prior notice of fallen trees in the accident area during his four years with the respondent. He testified that the State’s right-of-way is 30 feet, extending 15 feet from the center line on each side.
The claimant testified that he understood the right-of-way on this roadway to be 40 feet, extending 20 feet on each side. The claimant measured the fallen tree from the center line to the tree stump. He concluded that the tree stump was 20 feet from the center line.
The Court is unable to determine whether the tree was or was not on the State’s right-of-way based upon the testimony in this claim. The burden of proof is upon the claimant to show by a preponderance of the evidence that the tree was within the State’s right-of-way, and that the tree was close enough to present a road hazard. Furthermore, the claimant must show that the respondent was aware of the hazard and failed to take corrective action. Wolford v. Dept. of Highways, 13 Ct.Cl. 348 (1981).
The Court is of the opinion that the claimant herein has not established negligence on the part of the respondent. The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947).
In accordance with the findings of fact and conclusions of law stated hereinabove, the Court must deny this claim.
Claim disallowed.