PER CURIAM:
The claimants brought this action for personal injuries to claimant Irene Powell which she incurred in an accident on a road maintained by the respondent in Jefferson County. On claimant’s motion, the Court bifurcated this claim on the issues of liability and damages. The Court on its own motion dismissed a named claimant, Dale Haller, when it was determined that he was not a party in interest in this claim. The Court will address the issue of liability only.
*105 The incident giving rise to this claim occurred on January 15, 1995. Claimant Irene Powell was driving a 1990 Subaru Loyale station wagon southbound on WV Route 480 near Kearneysville at approximately 7:15 a.m. The weather was dark and it had been raining. Route 480 in this area is a two-lane paved road that is first priority in terms of maintenance priority. The speed limit is 55 miles per hour. The evidence adduced at hearing established that Ms. Powell’s vehicle struck a dead tree that had fallen into her lane from the easterly side of the road. As a result of this collision, the vehicle was destroyed and declared a total loss. Ms. Powell sustained personal injuries, including an apparent herniated disc in her neck.
Ms. Powell was driving at approximately 40 miles per hour and, due to the darkness, she stated that she was unable to see the tree across the road in time to avoid it. Her vehicle veered to the left after striking the tree and came to rest on the east roadway edge. A limb of the tree broke through the windshield and came within several inches of her head. Route 480 in this area is fairly straight and level. Ms. Powell telephoned her husband from a nearby home.
Mr. Powell came to the scene of the accident and observed that the tree was approximately 40 feet long and approximately 14 to 18 inches in diameter. He estimated that the stump of the tree was approximately six feet from the edge of the pavement and that it appeared to be rotten. He traveled this portion of Route 480 two to three times a month, but he had never noticed the tree before.
Route 480 north of the accident scene is straight and level for approximately 200 to 300 yards. The Court, on its own motion, took a view of the accident scene and notes for the record that Route 480 in the area of the tree fall is bordered on both sides by extremely dense vegetation and underbrush. The stump which claimant Guy Powell pointed out to the Court as being from the tree which fell onto Route 480 at the time of the accident was located approximately 13 feet from the edge of the pavement. The respondent had mowed the area approximately eight feet from the pavement as was evident from the mowing line at the edge of the road.
The respondent’s position is that it had no prior notice of the dead tree. The tree fell from an area dense with underbrush and various size trees. There is no duty on the part of the respondent to examine areas adjacent to the road for dead trees unless such a tree was obviously a hazard to the traveling public. During respondent’s routine maintenance of the berm there was no reason for employees to notice a particular tree in the dense woods along Route 480. Therefore, respondent was not negligent in its maintenance of Route 480 on the date of claimant Irene Powell’s accident.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947) It is further the general rule of this Court that in order to hold the respondent liable for defects of this type, the claimant must prove that the respondent knew or should have known of the hazard. McIe vs. Dept. of Highways, 16 Ct. Cl. 79 (1986). The Court, upon the basis of testimony at the hearing as well as its own examination of the accident scene, is of the opinion that there is insufficient evidence of negligence on the part of the respondent upon which to justify an award. The tree was located in an area covered by dense underbrush that would have concealed it during any season, summer or winter. It is the opinion of the Court that the respondent had no actual or constructive notice of this hazard.
Although the Court is aware of the serious nature of the accident which occurred on January 15, 1995, the facts and circumstances of this claim are such that negligence on the part of the respondent has not been established by the evidence. In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny *106 this claim.
Claim disallowed.