PER CURIAM:
Claimant brought this action for damage to his 1989 Dodge Colt Vista which occurred when his vehicle struck a large patch of ice while he was traveling south on State Route 13 at the intersection of State Route 1, in Mason County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on December 17,1999, at 7:00 a.m. Claimant was traveling to school. It was a clear, dry, sunny day. According to the claimant, there was no water on the road at any point except where the incident occurred at the intersection of State Route 13 and State Route 1 where respondent had been working on a drainage ditch. Just north of the location of this incident State Route 13 follows a steep hill and then at the bottom of this hill there is a sharp curve. It is near this curve that claimant’s vehicle slid on a large patch of ice. Claimant traveled this road twice a day almost everyday. Claimant testified that as a driver approaches the bottom of the steep hill it is difficult to see clearly the road surface at the bottom in the curve. Therefore, he testified that he could not see the ice on the road until his vehicle was upon it. Claimant was traveling approximately 30 miles per hour. The posted speed limit was 40 miles per hour. As claimant’s vehicle reached the bottom of the hill and came into the curve, it slid on the ice, went out of control, and slid off the road. It slammed into the hillside on the right side of the road causing the claimant to suffer minor injuries to his knee and serious damage to his vehicle. He was treated at the hospital for minor knee injuries and was released the same day.
Claimant asserts that respondent was negligent in the way in which it performed the construction on the drainage ditch and its maintenance of the road. Claimant argues that there was no water any where else on the highway on this date, except at the location where respondent had filled in the tile at the edge of State Route 13. Claimant testified that the water which always flows from the adjacent hill normally flows beneath the road through a tile. However, due to the fact that the respondent had filled the tile in with dirt, the water had no place to run except onto the road at the location where claimant’s vehicle slid. This water froze into a solid sheet *2 of ice during the cold December weather. Therefore, claimant contends that respondent knew or should have known that the water which ran beneath the road would run onto the road when the tile was blocked with the fill.
As a result of this incident, Mr. Alford suffered minor personal injuries. He did not have any insurance to cover the hospital or radiology bills. Mr. Alford owes St. Mary’s Hospital $132.00 for medical treatment, and $31.00 to Radiology, Incoiporated, of Huntington. Claimant seeks an award for these medical costs that he incurred. Claimant obtained an estimate of the repair costs to his vehicle, which amounted to $2,700.00 which is more than the NADA value of the vehicle. Therefore, claimant seeks the NADA value of the vehicle which he claims to be $2,425.00. He also seeks $40.00 for the labor costs in obtaining an estimate on the vehicle damage, $38.00 for the towing cost, less $100.00 for the salvage fee claimant obtained from the junk yard.
It is a well established principle that the State is not an insurer nor a guarantor of the safety of motorists upon its roads and highways. Adkins v. Simms, 46 S.E. 2d 81 (W.Va. 1947). In order to hold the respondent liable for defects of this sort, the claimant must prove that the respondent had actual or constructive notice of the road defect in question. Pritt v. Dept. of Highways, 16 Ct. Cl.8 (1985), Harmon v. Dept. of Highways, 16 Ct. Cl. 127 (1986), Jefferies v. Dept. of Highways 16 Ct. Cl. 79 (1986). Here, the evidence established that the respondent had notice of the fact that water would run onto State Route 13. Claimant established that on the date of this incident the weather was clear, dry, and sunny. The highway was dry in all locations except at the point of this incident, where respondent had covered up the tile beside State Route 13. Respondent knew or should have known that by completely covering up the tile at this drainage ditch with dirt would force the water which runs off of the hill to run onto State Route 13. Furthermore, respondent knew or should have known that this water would freeze in the month of December and that it would do so in a short period of time. This condition created a very serious hazard to the traveling public that could have been easily avoided by respondent. Therefore, the Court finds respondent negligent in its actions on State Route 13 for which claimant is entitled to an award.
The Court, having reviewed the NADA value of claimant’s vehicle, has determined that a fair and reasonable value of the vehicle is $2,100.00, reduced by the $100.00 salvage fee, for an award of $2,000.00 for the vehicle. The Court also has reviewed claimant’s medical expenses in the amount of $163.00 and $38.00 for the towing expense for a total award of $2,201.00.
Accordingly, the Court is of the opinion to and does make an award to claimant in the amount of $2,201.00.
Award of $2,201.00.