PER CURIAM:
Claimant brought this action for damage to her 2000 Honda Civic which occurred when a large tree limb fell on her vehicle while it was parked on a parking lot owned and maintained by respondent at 801 Madison Avenue, Huntington, Cabell County. The Court is of the opinion to make an award in this claim as stated more fully below.
The incident giving rise to this claim occurred on June 21, 2000, approximately between 11:00 a.m. and 1:00 p.m. Claimant had taken her fifteen year old son to gethis learner’s permit at the office of the DMV located on the respondent’s property located at 801 Madison Avenue in Huntington. Claimant was inside waiting for her son to complete his exam for approximately two hours. Once he was finished, the claimant and her son left the building to return to her vehicle when she observed that a large tree limb had fallen on the hood of her vehicle. The limb damaged the hood, the front grill, and scratched the sides of her vehicle. Claimant submitted an estimate of the repair costs which totaled $1,150.96. Claimant also testified that she had to rent a vehicle while her vehicle was being repaired, which cost $210.00. Claimant has insurance to cover the damage to her vehicle; however, she is seeking reimbursement for the deductible feature on her policy in the amount of $500.00.
It is respondent’s position that it was not negligent in the maintenance of the parking lot at 801 Madison Avenue, and that the City of Huntington was responsible for maintaining the trees from which the limb fell.
Claimant testified that she was parked in a semi-circular driveway in front of respondent’s building. It was a clear, sunny, warm day. There was no wind or storms on the date of this incident. Claimant’s vehicle was undisputably parked on respondent’s property. James H. Watts testified that he is the buildings and grounds supervisor for respondent in District-II, which encompasses the.location of this incident in Huntington. His job duties include the upkeep and maintenance of State buildings and grounds including the building and parking lot at 801 Madison Avenue in Huntington. He testified that the City of Huntington maintains the trees along Jackson and Madison Avenues, which includes the tree from which this limb fell. He stated if anything is needed to be done regarding the trees, then the respondent contacts the City of Huntington to take care of it. He also stated that every morning the grounds are inspected and any tree limbs on the ground are picked up by one of respondent’s employees.
In cases involving falling trees or falling tree limbs, the Court has held that respondent is liable for dangerous trees or tree limbs on its property or rights-of-way. The Court has also held that in some cases that the respondent may have a duty to remove dangerous tree limbs from trees that are not on the respondent’s property or right-of-way, especially where the limb is dead. Newkirk v. Div. of Highways 20 Ct. Cl. 18 (1993). Here, the evidence established that the tree from which the limb fell was not on the respondent’s property or right-of-way, but on property maintained by the City of Huntington. However, the evidence adduced at the hearing clearly established that the limb which fell on claimant’s vehicle was dead and that it did so on a calm, clear, sunny day. This Court has also held that if a tree is dead and poses an apparent risk, then the respondent may be held liable. Wiles v. Div. of Highways, 22 Ct. Cl. 170 (1999). Mr. Watts testified that in his capacity as supervisor for respondent either he or someone under his control conducts regular inspections of the grounds at 801 Madison Avenue. He also stated that such inspections do include the cleaning up of tree limbs.
For respondent to be held liable in a claim of this nature, the claimant must *14 prove by a preponderance of the evidence that the respondent had actual or constructive notice of the defect. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985), Harmon v. Dept. of Highways, 16 Ct. Cl. 127 (1986), Jefferies v. Dept. of Highways 16 Ct. Cl. 79 (1986). Mr. Watts admitted that neither he nor any of his crew inspected the trees for limbs hanging over the respondent’s parking lot to determine if any of the limbs were dead and whether or not they presented a hazard to the public. The Court is of the opinion that respondent was on notice of the hazard presented by the tree in question and could have avoided this situation by simply inspecting the trees for dead limbs, then removing the limbs or notifying the City of Huntington to do so.
In accordance with the finding of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount $500.00.
Award of $500.00.